UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA WERONKO,

    Plaintiff,

v.                                             Case No. 1:07-cv-269
                                             Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of one or more orders entered by the Commissioner of the Social Security Administration (Commissioner). While plaintiff filed this action pro se, she has been represented by counsel since September 10, 2007. *See* docket no. 14. This matter is now before the court on defendant's motion to dismiss for lack of jurisdiction pursuant to Fed. Rules Civ. Proc. 12(b)(1) (docket no.11). Defendant's motion is unopposed.

    **I.**    **Background**

Defendant provided a summary of the procedural background in this action:

As indicated by the attached declaration of Earnest Baskerville, Chief of Social Security's Court Case Preparation and Review Branch 3 (CCPRB3), Plaintiff filed for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d), in March 2002. In April 2003, an Administrative Law Judge (ALJ) found Plaintiff disabled and eligible for DIB as of February 2001. Exhibit 2 [attached to Baskerville Declaration].

In November 2003, Plaintiff filed a Request for Withdrawal of her disability benefits application, alleging that she was not disabled on the basis found by the ALJ (mental illness), but was disabled on the basis of her arthritic condition only. Exhibit

> 5. Plaintiff further stated that she intended to refile her application for benefits based solely on her arthritic condition. Id. Plaintiff also sought review of the ALJ's decision by the Social Security Appeals Council, but, in April 2004, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, and indicated that Plaintiff could pursue federal court review of the ALJ's decision by filing a complaint within 65 days. Exhibit 4. See 20 C.F.R. § 404.981 (ALJ's decision becomes Agency's final decision for purposes of judicial review when Appeals Council denies review).
>
> Plaintiff, however, did not seek review of the ALJ's decision, but instead filed a new application for DIB in October 2004. Declaration at 2; Exhibit 1.

Defendant's Brief at 1-2.

Plaintiff's October 25, 2004 application for DIB was denied initially on December 27, 2004. Declaration at 2. Plaintiff then filed a request for a hearing on January 6, 2005. *Id.* The ALJ addressed this request in his August 12, 2005 order of dismissal, which provided in pertinent part as follows:

> The fact that the claimant has an established, ongoing period of disability and entitlement to Disability Insurance Benefits renders her application for the same, filed October 25, 2004, a duplicate application. . . Essentially, in this case the Administration should have informed the claimant that the issues raised in her application of October 25, 2004 had already been decided, rather than refer her case to the state agency and then the Office of Hearing and Appeals. As she had no valid application before the Administration, there is no basis to proceed with any appeals. Accordingly, the claimant's Request for Hearing dated January 6, 2005 is hereby dismissed.
>
> The undersigned now turns once again to the Request for Withdrawal submitted by the claimant. . . There is nothing in any of the Regulations or POMS that allows for the Administration to choose to ignore a claimant's Request for Withdrawal. The evidence in this case indicates that that is precisely what the Administration has done. To be sure, the underlying issues are complex and the potential resolution is perhaps even burdensome to the Administration. Nevertheless, the established policy must be followed. Accordingly, the undersigned remands this issue to the Administration to properly dispose of the Request for Withdrawal.
>
> In addition, the undersigned wishes to call attention to the need to follow the instructions in POMS section GN 00206.005 C 2 in taking action on the Request for

>Withdrawal. The Administration must determine if the claimant is a proper applicant for purposes of filing or withdrawing an application.

Order of Dismissal at 2. Plaintiff sought review of this order by the Appeals Council. Declaration at 3.

On October 7, 2005, plaintiff was notified of the approval of her request for withdrawal of her March 2002 application for benefits. Exh. 6 attached to Declaration. Then, on October 23, 2005, the Administration advised plaintiff that she was no longer qualified for benefits beginning in August 2001 and advised her of the right to appeal that decision. Exh. 7 attached to Declaration.

On January 17, 2007, the Appeals Council denied plaintiff's request for review of the August 12, 2005 order of dismissal. Exh. 1 attached to Declaration. While the Appeals Council's notice advised plaintiff of her right to file a new application for benefits, it did not advise her of the right to file an appeal in the federal courts. *Id.* Plaintiff filed her judicial appeal in this court on March 16, 2007.

## II.     Discussion

Defendant has moved for dismissal of plaintiff's complaint pursuant to Rule 12(b)(1), for lack of jurisdiction under 42 U.S.C. § 405(g). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In the present case, the court will review the administrative record to determine whether plaintiff's appeal is properly before the court.

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part as follows:

> Any individual after any <u>final decision of the Commissioner made after a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). While § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in that section. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Nevertheless, the regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and, (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a)(1)-(4). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court." *See* § 404.900(a)(5). Thus, two elements are necessary to enable a federal district court to review decisions of the Commissioner pursuant to § 405(g): the Commissioner must issue a final decision and the claimant must exhaust his administrative remedies. *Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991).

The record reflects that plaintiff exhausted her administrative remedies by seeking review of the ALJ's August 12, 2005 dismissal order with the Appeals Council.[1] However, this

---

[1] While plaintiff's complaint does not allege the adverse decision that is the subject of this appeal, she identifies the August 12, 2005 order in a subsequent filing. *See* docket no. 3.

4

order, which dismissed plaintiff's request for a hearing on her October 25, 2004 application for benefits and remanded her request to withdraw the March 2002 application back to the Administration, is not a "final decision" of the Commissioner after a hearing pursuant to § 405(g). *See, e.g., Hilmes v. Secretary of Health and Human Services*, 983 F.2d 67, 70 (6th Cir. 1993) (federal district court lacks jurisdiction to review an administrative order dismissing a claimant's hearing request); *Harper v. Secretary of Health and Human Services*, 978 F.2d 260, 262 (6th Cir. 1992) (Commissioner's refusal to reopen a claimant's prior application for benefits is not a "final decision" under § 405(g) and may not be reviewed by the courts); *Runyon v. Secretary of Health and Human Services*, No. 91-6487, 1992 WL 276725 at *2 (6th Cir. Oct. 7, 1992) (denial of a claimant's hearing request is not a "final decision" under § 405(g)). Accordingly, the court lacks jurisdiction to review the August 12, 2005 order at issue in this action.[2]

        Finally, it is possible to challenge an otherwise unappealable administrative order in federal court on constitutional grounds. *See, e.g., Sanders*, 403 U.S. at 109 (noting that plaintiff's action seeking "an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits," is "not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds"); *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992) ("[a]bsent any colorable constitutional claim . . . a federal court has no jurisdiction to review the Appeals Council's decision not to reopen"). However, plaintiff does not allege a constitutional violation related to the ALJ's order of dismissal. Rather, she merely seeks

---

[2] The court notes that defendant's brief provided plaintiff with an alternative route to seek benefits, "[s]hould Plaintiff wish to pursue her claim that she is disabled on other than mental grounds, the appropriate course would be to now file a new disability claim and pursue her chosen basis for disability, as indicated in the Notice granting Plaintiff's request for withdrawal of her March 2002 application." Defendant's brief at 4.

an additional opportunity to establish her eligibility for disability benefits. *See Sanders*, 403 U.S. at 109. Accordingly, there is no constitutional challenge to invoke this court's jurisdiction.

### III. Recommendation

I respectfully recommend that defendant's motion to dismiss for lack of jurisdiction (docket no. 12) be **GRANTED**.


Entered: April 2, 2008              /s Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).