UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA WERONKO,

       Plaintiff,                                Case No.  1:07-CV-269

v.                                                  Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## ORDER AND JUDGMENT APPROVING
## AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 18) filed on April 2, 2008. Plaintiff filed her Objection to the Report and Recommendation (docket # 23) on May 5, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Plaintiff has two objections to the Report and Recommendation. One of the objections injects an entirely new issue into the case. Plaintiff first argues that the Appeals Council's order dismissing her request for a hearing was a final, appealable decision. She next raises for the first time the argument that Defendant's failure to provide a hearing on Plaintiff's October, 2004, application for Disability Insurance Benefits violated her due process rights.

Plaintiff's objections are without merit. First, as explained in the Report and Recommendation, the Appeals Council's order dismissing Plaintiff's request for a hearing was not a final, appealable decision. *See, e.g.*, *Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) ("In the absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision."). Second, plaintiff was not denied due process. At the time of her application for Disability Insurance Benefits in October, 2004, she already had an ongoing, established period of disability and entitlement

to such benefits. She was applying for benefits that she was already receiving, and Defendant did not deprive her of a property interest when it decided to deny Plaintiff a hearing and, in effect, continue to give her the benefits for which she was redundantly applying. She has no due process right in a certain rationale being adopted by a tribunal. This is a case where Plaintiff applied for benefits and got the result she was looking for, albeit on a basis that she did not like and with the imposition of a label she may not have wanted. But the inescapable conclusion is that providing her with benefits did not deprive her of life, liberty, or property. Nor did categorizing her as having a mental disability. *See Dean v. McWherter*, 70 F.3d 43, 45 (6th Cir. 1995) (holding that being classified and labeled as mentally ill, without an effect on another, tangible interest, "is insufficient to give rise to a liberty interest.").

At this point in time, Defendant has granted Plaintiff's request for withdrawal of benefits, and it appears that Plaintiff would now like to apply afresh for benefits on the grounds of physical rather than mental disability. She is certainly free to do so, and if she does, all of the normal protections of law will apply, including due process protections. *See generally Mallette v. Arlington County Employees' Supplemental Retirement Sys. II*, 91 F.3d 630, 638–39 (4th Cir. 1996) (presenting an exhaustive list of cases holding that due process attaches to an individual's application for benefits, not merely to an agency's revocation of benefits).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed April 2, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for lack of jurisdiction (docket # 11) is GRANTED.

Dated:   June 10, 2008              /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE